UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA LABETE COX,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>    Defendant. | Case No. CV 15-7939 JC<br><br>MEMORANDUM OPINION |

**I.	SUMMARY**

On October 8, 2015, Christina Labete Cox ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; October 13, 2015 Case Management Order ¶ 5.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is hereby substituted for Commissioner Carolyn W. Colvin as the defendant in this action.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED.  The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 2, 2012, plaintiff filed an application for Disability Insurance Benefits alleging disability beginning on February 1, 2011, due to fibromyalgia, degenerative disc disease, a lower lumber problem, depression, and chest pain. (Administrative Record ("AR") 23, 177, 206).  On June 21, 2013, the ALJ held an initial administrative hearing ("Initial Hearing") during which he heard testimony from plaintiff (who was represented by counsel), and a vocational expert.  (AR 55-87).  At a supplemental hearing on December 10, 2013 ("Supplemental Hearing"), the ALJ examined the medical record, summarized the testimony from the Initial Hearing, and heard additional testimony from plaintiff (who was again represented by counsel), a medical expert, and a different vocational expert ("vocational expert" or "VE").  (AR 38-54).

On February 19, 2014, the ALJ determined that plaintiff was not disabled through the date of the decision.  (AR 23-33).  Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments:  degenerative disc disease at multiple levels of the thoracic spine, disc protrusions at L3-5 with possible nerve root involvement at L4 and facet hypertrophy at L4-5, disc protrusions at C4-6 with associated neural foramina encroachment, fibromyalgia, lower extremity polyneuropathy, and obesity (AR 26); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 26-27); (3) plaintiff retained the residual functional capacity to lift and carry 10 pounds occasionally and less than 10 pounds frequently, stand and walk for two hours in an eight-hour workday, sit for six hours per workday, do occasional postural activity but no climbing of ropes, ladders, or scaffolds, and

plaintiff had no other limitations except to avoid vibrations, temperature extremes, and workplace hazards (AR 27); (4) plaintiff could not perform any past relevant work (AR 31); (5) there is work that exists in significant numbers in the national economy that plaintiff could perform, specifically in the representative occupations of film touch-up inspector, table worker, and touch-up screener (collectively "representative occupations"); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entitled to full weight (AR 29).

On August 14, 2015, the Appeals Council denied plaintiff's application for review. (AR 1-6).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is required to use the following five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

///
///

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted); see also 20 C.F.R. § 404.1520(a)(4) (explaining five-step sequential evaluation process).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).

///

1   Substantial evidence is "such relevant evidence as a reasonable mind might
2 accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389,
3 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but
4 less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan,
5 911 F.2d 180, 183 (9th Cir. 1990)).  To determine whether substantial evidence
6 supports a finding, a court must "'consider the record as a whole, weighing both
7 evidence that supports and evidence that detracts from the [Commissioner's]
8 conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)
9 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).
10  An ALJ's decision must be upheld if the evidence and inferences reasonably
11 drawn from the record could support either affirming or reversing the decision.
12 Molina, 674 F.3d at 1111 (citation omitted).  Even when an ALJ's decision
13 contains error, it must be affirmed if the error was harmless.  Treichler v.
14 Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir.
15 2014).

## IV.  DISCUSSION

Here, plaintiff appears to argue that substantial evidence does not support the ALJ's non-disability determination at step five in light of new vocational evidence plaintiff presented to the Appeals Council – specifically, reports generated by the "Job Browser Pro" software program ("Job Browser Pro Reports") and other raw vocational data.[2]  (Plaintiff's Motion at 5-17; AR 277, 283-87).  More specifically, plaintiff essentially argues that the Job Browser Pro reports reflect very few positions in the national economy for the representative occupations, and thus undermine the vocational expert's testimony upon which the
///

---

[2] Plaintiff's Motion – to the extent it attempts to make other arguments – presents no other comprehensible or legally viable ground which would merit a reversal or remand.

1 ALJ relied at step five.³  A reversal or remand is not warranted on the asserted
2 basis.
3    First, substantial evidence supports the ALJ's non-disability determination
4 at step five.  Plaintiff does not dispute the accuracy of the hypothetical question
5 the ALJ posed to the vocational expert at the Supplemental Hearing.  (Plaintiff's
6 Motion at 4).  Thus, the vocational expert's testimony in response to the ALJ's
7 complete hypothetical question, without more, was substantial evidence
8 supporting the ALJ's determination that plaintiff was able to perform work which
9 exists in significant numbers in the national economy.  See Tackett, 180 F.3d at
10 1101; see also Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A
11 [vocational expert's] recognized expertise provides the necessary foundation for
12 his or her testimony.  Thus, no additional foundation is required.").
13    Second, the Job Browser Pro Reports do not, as plaintiff suggests,
14 undermine the reliability of the vocational expert's Supplemental Hearing
15 testimony which the ALJ adopted at step five.⁴  Plaintiff never provided evidence

---

³To the extent the Appeals Council considered the Job Browser Pro reports in deciding whether to review the ALJ's decision, this Court also must consider such evidence in determining whether the ALJ's decision was supported by substantial evidence and free from legal error.  See Brewes v. Commissioner of Social Security Administration, 682 F.3d 1157, 1162-63 (9th Cir. 2012).

⁴Plaintiff asserts that Job Browser Pro is "a tool used by vocational experts in the divination of the number of jobs in the economy." (Plaintiff's Motion at 10 & n.2).  While plaintiff identifies several decisions which generally acknowledge the accuracy of data generated by the Jobs Browser Pro program (Plaintiff's Motion at 10-11), none stands for the proposition that raw data from the Job Browser Pro program submitted by plaintiff's counsel for the first time to the Appeals Council provides sufficient grounds to reverse an ALJ's contrary step five determination which is itself supported by substantial evidence.  See, e.g., Poisson v. Astrue, 2012 WL 1067661, *9 (D. Me. Mar. 28, 2012) ("vocational testimony as to job numbers sufficiently reliable to support a Step 5 finding" where vocational expert relied on her own professional experience and expertise in addition to information derived from Job Browser Pro system), report and recommendation adopted, 2012 WL 1416669 (D. Me. Apr. 24, 2012); Cole v. Astrue, 2011 WL 5358557, *26 (D. Or. June 7, 2011) (vocational expert testimony based, in part,
(continued...)

from a vocational or similar expert which explains or analyzes the new vocational evidence plaintiff presented to the Appeals Council. Plaintiff's cryptic and confusing lay interpretation of the raw vocational data does nothing of the sort. See, e.g., Cardone v. Colvin, 2014 WL 1516537, *5 (C.D. Cal. Apr. 18, 2014) (plaintiff's lay assessment of raw vocational data "unaccompanied by any analysis or explanation from a vocational expert or other expert source to put the raw data into context" insufficient to undermine the reliability of the vocational expert's opinion regarding number of representative jobs in national economy which ALJ adopted at step five).

Finally, even if the evidence as a whole, including the Job Browser Pro Reports, could also support a finding of "disabled" at step five, as noted above, this fact does not warrant reversing the ALJ's contrary finding which is itself supported by substantial evidence. See Molina, 674 F.3d at 1111 (citation omitted); cf., e.g., Gardner v. Colvin, 2013 WL 781984, *2 (C.D. Cal. Mar. 1, 2013) (observing "Ninth Circuit has held that where the ALJ relies on proper evidence in concluding that there are jobs in the national economy that a claimant can perform, the Appeals Council is free to reject contradictory [expert vocational] evidence obtained after an adverse administrative decision") (citing Gomez v. Chater, 74 F.3d 967, 972 (9th Cir.), cert. denied, 519 U.S. 881 (1996), superseded

///

---

(...continued)
on information obtained from "Skill Trend by Job Browser" was "reliable" evidence of the number of jobs available in the national economy which plaintiff could perform), report and recommendation adopted, 2011 WL 5358550 (D. Or. Nov. 4, 2011); Pitts v. Astrue, 2011 WL 2553340, *6 (N.D. Ohio May 19, 2011) (ALJ properly relied on vocational expert testimony regarding number of jobs available even though vocational expert relied, in part, on information provided by Job Browser Pro program), report and recommendation adopted, 2011 WL 2553311 (N.D. Ohio Jun. 28, 2011); Drossman v. Astrue, 2011 WL 4496568, *7-*8 (N.D. Ohio July 15, 2011) (ALJ properly relied on vocational expert's opinion regarding job availability rather than plaintiff's post-hearing submission of conflicting statistical information from Job Browser Pro program), report and recommendation adopted, 2011 WL 4496561 (N.D. Ohio Sep. 27, 2011).

by regulation on other grounds as noted in Ashmore v. Colvin, 2013 WL 837643, *3 n.2 (D.S.C. Mar. 6, 2013)).

Plaintiff's repeated assertions that the vocational expert's testimony regarding number of available jobs was essentially patently erroneous (Plaintiff's Motion at 11-12, 15), ring hollow considering (i) at the hearing plaintiff did not challenge the vocational expert's testimony – *i.e.*, plaintiff's counsel affirmatively declined to ask the vocational expert any questions at all, and plaintiff did not present any of her own expert evidence about job availability to rebut the vocational expert's opinions (AR 51-53); (ii) plaintiff did not challenge the vocational expert's testimony during the two months after the hearing and before the ALJ issued his decision; and (iii) plaintiff did not challenge the vocational expert's findings until after the ALJ issued an *adverse* decision. Cf., e.g., Cardone, 2014 WL 1516537 at *6 ("Counsel are not supposed to be potted plants at administrative hearings. They have an obligation to take an active role and to raise issues that may impact the ALJ's decision while the hearing is proceeding so that they can be addressed.") (citation and quotation marks omitted).

Plaintiff's apparent lack of urgency in challenging the VE job numbers at the administrative level did not, as defendant asserts, act as a waiver since plaintiff did raise the issue at some point during the administrative process (*i.e.,* with the Appeals Council). Cf. Sims v. Apfel, 530 U.S. 103, 105 (2000) (holding that Social Security claimant seeking judicial review does not waive issues he fails to include in request for review by Appeals Council). Nonetheless, the Court does not find plaintiff's argument that the vocational expert's job numbers were unreliable, which is based on nothing more than lay interpretation of raw vocational data presented for the first time to the Appeals Council, to be persuasive and notes that similar arguments have been soundly rejected by multiple courts. See Cardone, 2014 WL 1516537 at *5 ("[P]laintiff's lay assessment[] of the raw vocational data derived from Job Browser Pro does not

undermine the reliability of the VE's opinion, which the ALJ adopted at step five."); Merryflorian v. Astrue, 2013 WL 4783069,*5 (S.D. Cal. Sept. 6, 2013) (same; noting similar argument "has been recently and uniformly rejected by numerous courts" and that "vast majority of [such] cases" . . . involv[ed] plaintiff's counsel or his law firm") (citing cases); Solano v. Colvin, 2013 WL 3776333, *1 (C.D. Cal. July 16, 2013) (rejecting argument that evidence from Job Browser Pro plaintiff submitted to Appeals Council undermined testimony of vocational expert regarding number of available jobs, in part, where no expert had found plaintiff's job evidence reliable); Hunt v. Colvin, 2013 WL 1969401, *3 (C.D. Cal. May 13, 2013) (Job Browser Pro data that differs from VE's testimony "not enough to warrant remand" where plaintiff "[did not] support her interpretation of the raw numbers included in the Job Browser Pro data with any analysis or explanation from a VE") (citing Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002)); Gardner v. Colvin, 2013 WL 781984, at *3 (C.D. Cal. Mar. 1, 2013) (rejecting "argument that the VE's testimony does not constitute substantial evidence in light of conflicting evidence from . . . Job Browser Pro"); Bradley v. Astrue, 2012 WL 5902349, *7 (C.D. Cal. Nov. 26, 2012) (upholding administrative decision notwithstanding conflict between vocational expert's testimony and additional vocational evidence plaintiff submitted to the Appeals Council which plaintiff had argued "starkly conflict[ed] with the vocational expert's testimony regarding the numbers of relevant jobs existing in the economy").

Accordingly, a remand or reversal is not warranted.

**V.    CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 28, 2017                            /s/

                                    Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE